A. G. GOODLETT *vs.* W. G. M. CAMPBELL & others.

April Term, 1873.

COSTS, EXTRA—POWER OF COURT.—The court has no power to burden adult parties, without their consent, with commissions of real estate agents, by ordering them to be employed to assist in the sale of land sold under its decrees.

SAME, SAME.—But the court may, with the consent of adult parties, and *mero motu*, or with consent of guardian, for infants, if satisfied that it is for their interest, order in advance the employment of real estate agents, or sanction their employment afterwards, and direct the expense incurred to be taxed as costs.

SALE.—A sale will be considered as satisfactory to the parties where it is confirmed without objection, and the proceeds received, even if the party, to whom it is to be satisfactory, is induced to assent by the payment of an extra bonus.

*M. C. Goodlett,* for complainant.

*A. G. Merritt,* for defendants.

THE CHANCELLOR :—At the last term of this court an order was made directing the clerk and master to report what would be reasonable compensation to Arrington, Farrar & Weakly, real estate agents, for their services in selling the lot sold in this case for division among the parties entitled, whether there was any contract with said agents, the amount agreed to be paid, &c. The clerk and master report that said agents were employed by W. B. Rains and the other parties interested, to effect a sale, that the per centum of compensation on the price obtained was agreed upon, and that said agents procured a purchaser, one Ryman, for said property at $14,000, which price was satisfactory to all parties except Rains and wife; that Ryman, after further consultation, agreed to pay Rains and wife between $225 and $250 in addition to their share of the $14,000, and the sale was then confirmed to him. Upon these facts, the clerk and master reports that said agents were entitled to the compensation agreed upon, &c.

To this report, Rains and wife file two exceptions:

1st. The proceedings show the court has no jurisdiction to charge them with their proportion of the compensation reported, and have it paid out of the funds of Mrs. Rains arising from the sale of said lands, she being entitled to two-ninths.

2d. That Rains and wife never agreed to the sale made to Ryman by said agents, but on the contrary employed counsel and resisted said sale.

The argument to sustain the first exception is, that there is nothing in the record connecting Arrington, Farrar & Weakly with the case, and the interest of Mrs. Rains in the fund can only be bound by the act of the court, not by the contract with W. B. Rains; that the claim cannot therefore

be considered as costs, and is a personal demand against Rains to be enforced at law. The learned counsel concedes that it would be otherwise if Arrington, Farrar & Weakly had been employed by the court. But this concession, which is true to the extent intended by the counsel, in effect yields the point in controversy. For, the question is one of jurisdiction, and if the power be conceded to make the order in advance, it follows necessarily that the power exists to ratify the act by order at any stage of the suit, upon good cause shown. The truth is, the court has no power to order real estate agents to be employed at any time as to adult parties except with the consent of such adults. Such parties have the right to stand upon the law, and to abide by the machinery furnished by the law, and cannot legally be required to pay one dollar of costs beyond such as are taxable by statute. But such parties may voluntarily agree to incur the expense of employing a real estate agent, a surveyor, an agent to look after the property in litigation, or the expense of extra advertising by hand-bills or otherwise, and based upon this consent the court may make the order in advance, or afterwards, so as to authorize the expense incurred to be taxed as costs and paid out of the fund. And there can be no doubt that the court may of its own motion, or, at the instance of the next friend or guardian *ad litem*, sanction in advance, or afterwards upon being satisfied that it was for the interest of parties under disabilities, the incurring of similar expenses for them. The question of jurisdiction, which is the only one raised by the first exception, must therefore be decided against the exceptant.

The second exception is based rather in a play upon words than in substantial truth. Rains and wife did not literally agree to the sale made by the agents to Ryman for $14,000, and did object to the price, and authorize their counsel to resist the confirmation of it. Yet they did in fact afterwards consent to the sale thus made to Ryman at that price upon a bonus being paid to them over and above their share in the fund. Rains, as the husband, was the legal protector and

natural next friend for his wife, and, as the record shows, he attended to the business in this case, and about this property, for her. The proof on the reference clearly shows, what Rains in his deposition admits, that Arrington, Farrar & Weakly were employed by him specially to sell this property, and that it was understood they were to be paid out of the proceeds of sale, if they made a sale *satisfactory* to the parties. The objection now is that the sale as made was not "satisfactory" to him, although he and his wife have acquiesced in it, and received a bonus for such acquiescence. To accept their interpretation of the contract, and treat the word "satisfactory" as they now insist, would be to allow them to play the role of the "juggling" witches in Macbeth, and "make the promise to the ear but break it to the hope." The commissions were to come out of the proceeds of sale, if a sale were effected, as it was, and the court is inclined to let them come.

The exceptions must be disallowed and the report confirmed.